IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **KENNETH E. MORRIS, #163573,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:23-cv-001-MHT-CWB |
| | ) |
| **JOHN Q. HAMM, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     Introduction**

Kenneth E. Morris ("Morris") filed this action pursuant to 42 U.S.C. § 1983 on the allegation that he, as a sex offender, is being denied the opportunity for medical furlough and medical parole in violation of his due process and equal protection rights. (Doc. 1). Named as defendants are John Q. Hamm (Commissioner of the Alabama Department of Corrections) and Cam Ward (Director of the Alabama Parole Board). (*Id*.; *see also* Doc. 7).[1] Upon review of the complaint, as amended, the undersigned Magistrate Judge concludes that dismissal is warranted under 28 U.S.C. § 1915A.[2]

---

[1] On January 30, 2023, the court entered an Order informing Morris that many of his claims appeared baseless and directing him to file an amended complaint that stated how each defendant's actions violated his constitutional rights. (Doc. 6). An amended complaint was filed on February 21, 2023. (Doc. 7).

[2] The court granted Morris leave to proceed *in forma pauperis* on January 11, 2023. (Doc. 4). A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915A.  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(i)-(ii).

**II.     Discussion**

Morris asserts that he is being denied due process and equal protection rights under the 5th and 14th Amendments to the United States Constitution because Alabama state law denies sex offenders the opportunity for medical furlough and medical parole while inmates who are not classified as sex offenders can be released for medical reasons.  (*Id*. at pp. 4-6).  As a basis for his claims, Morris points to ADOC Regulation 708, which "establishes the responsibilities. policies, [and] procedures for the discretionary medical furlough of state inmates, with the exception of inmates convicted of capital murder or sexual offense."  He also points to the Alabama Medical Parole Act, codified at Ala. Code § 15-22-43(e), which states that "[t]his article shall not apply to inmates convicted of capital murder or a sex offense."  For relief, Morris seeks an Order directing Commissioner Hamm "to allow medical furlough privileges to inmates with sex crimes" and directing Director Ward "to allow medical parole privileges to inmates with sex crimes." (Doc. 7 at p. 4).

**A.     Due Process Claims**

Under a due process analysis, the court must determine "whether there exists a liberty or property interest of which a person has been deprived and if so, … whether the procedures followed by the State were constitutionally sufficient."  *Swarthout v. Cooke,* 562 U.S. 216, 219 (2011) (citation omitted).  In this case, Morris's allegations fail the necessary first step, as the Eleventh Circuit has consistently held that the Alabama parole statute does not create a liberty interest in parole.  *See, e.g, Ellard v. Alabama Bd. of Pardons and Paroles,* 824 F.2d 937, 942 (11th Cir. 1987) ("[T]he Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole."); *see also Thomas v. Sellers,* 691 F.2d 487, 489 (11th Cir. 1982).

Without a liberty interest in parole, the Parole Board's procedures are not required "to comport with standards of fundamental fairness." *See Slocum v. Georgia State Bd. of Pardons & Paroles,* 678 F. 2d 940, 942 (11th Cir. 1982). The undersigned is not aware of any legal authority or logical basis that would warrant placing furlough on different footing than parole. *See also Thomas v. Commissioner,* No. 1:15-cv-199, 2016 WL 2962889 *5-6 (N.D. Ala. Jan 26, 2016), *report and recommendation adopted*, No. 115CV00199, 2016 WL 2939629, at *1 (N.D. Ala. May 20, 2016) (finding that neither the Fourteenth Amendment nor Alabama law confers a liberty interest in medical furloughs); *accord Walker v. Corizon, LLC*, No. 420CV01176, 2022 WL 3753261, at *3 n.6 (N.D. Ala. July 29, 2022), *report and recommendation adopted*, No. 420CV01176, 2022 WL 3719954 (N.D. Ala. Aug. 29, 2022). Moreover, neither the complaint nor the amended complaint alleges that Morris actually has been denied medical parole or medical furlough, or that Morris would be eligible for medical parole or medical furlough but for his sex offender status.

B. **Equal Protection Claim**

"The Fourteenth Amendment 'does not require absolute equality or precisely equal advantages,'... nor does it require the State to 'equalize [its treatment of inmates].'" *Ross v. Moffitt*, 417 U.S. 600, 611-12 (1974); *Hammond v. Auburn University*, 669 F. Supp. 1555, 1563 (M.D. Ala. 1987) ("The Equal Protection Clause of the Fourteenth Amendment does not require all persons to be treated either identically or equally."). In order to present a claim of discrimination under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Jones v. Ray*, 279 F.3d 944, 946-47

(11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986); *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-19 (11th Cir. 2006).

Morris fails to identify any similarly situated inmate (*i.e.*, an inmate with a similar criminal background or prison history) who has received more favorable treatment. Thus, his "equal protection claim necessarily fails first because he has not [asserted] that he was treated differently from other, similarly situated prisoners." *Sweet*, 467 F.3d at 1319; *Ellison,* 2017 WL 6947946 at *6 (holding that no equal protection violation occurred because "[a]lthough [Plaintiff] alleged that the Board was denying parole for sex offenders simply because they were sex offenders, [he] did not show that there were similarly situated inmates that were being treated differently"). Additionally, the Equal Protection claim fails because Morris "has not alleged … that he was treated differently on account of some form of ***invidious discrimination*** tied to a constitutionally protected interest." *Sweet*, 467 F.3d at 1319 (emphasis in original). It has been consistently held that sex offenders are not considered a suspect class. *See, e.g., Doe v. Moore*, 410 F.3d 1337, 1346 (11th Cir. 2005); *see also Ellison*, 2017 WL 6947946, at *6 ("[S]ex offenders are, in general, not considered a suspect class."). When there is no protected class or fundamental interest at stake, "the law need only have a rational basis—i.e., it need only be rationally related to a legitimate government purpose." *Leib v. Hillsborough Cty Pub.Transp. Com'n*, 558 F.3d 1301, 1036 (11th Cir. 2009). "As there would be a rational interest in protecting the public and ensuring only those inmates best suited for parole are paroled," Morris's claim would fail. *Ellison*, 2017 WL 6947946, at *6 (citing *Leib v*, 558 F.3d at 1301).[3]

---

[3] The undersigned again sees no meaningful distinction to be drawn in this context between parole and furlough.

### III. Conclusion

It is the **RECOMMENDATION** of the undersigned Magistrate Judge that this case be **DISMISSED** with prejudice prior to service of process. Morris additionally is informed that to the extent he seeks to bring an Eighth Amendment claim based upon a denial of medical care, he will need to file a separate action under 42 U.S.C. § 1983 and pay the requisite fees.

It is **ORDERED** that any objections to this Recommendation must be filed no later than April 21, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 7th day of April 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**